UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILLIP A. COLLINS, Individually )<br>and on Behalf of All Others Similarly Situated, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>FEIWELL & HANNOY, P.C., )<br>    Defendant. ) | 1:08-cv-401-LJM-TAB |

### ORDER ON DEFENDANTS' MOTION TO DISMISS

This cause is now before the Court on Defendant's, Feiwell & Hannoy P.C. ("Defendant"), Motion to Dismiss Counts II and IV of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim up which relief can be granted. Plaintiff, Phillip A. Collins ("Plaintiff"), opposes the motion. In Count II Plaintiff contends that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g. In Count IV Plaintiff moves to certify a class based on the alleged violation of § 1692g.

For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss.

### I. BACKGROUND

Plaintiff is the owner of a home located in Lowell, Indiana. Am. Compl. ¶ 5. He obtained his mortgage from HSCBC Bank USA. *Id.* ¶ 4. At some point prior to January 28, 2008, Plaintiff allegedly defaulted on his mortgage payments. *Id.* ¶ 3. Plaintiff's mortgage promissory note contractually obligated Plaintiff to pay all costs and expenses, including reasonable attorney's fees that are expended to enforce the note. *Id.* Ex. C.

Acting as a debt-collector on behalf of HSCBC Bank USA, Defendant sent Plaintiff a written communication on or about January 28, 2008, known as the "dunning letter," demanding payment of Plaintiff's delinquent mortgage obligation. *Id.* ¶¶ 4, 6. Defendant contends that the dunning letter was required to be sent by § 1692g of the FDCPA. *Id.* ¶ 7. The letter stated, in part:

> The law firm of Feiwell & Hannoy, P.C.[,] has been retained by HSBC Bank USA, National Association, as Trustee for Home Equity Loan Trust Series ACE 2004-HE3 to represent its interests relating to the promissory note and mortgage executed by you on August 26, 2004.  Pursuant to the terms of the promissory note and mortgage, our client has accelerated all sums due and owing, which means that the entire principal balance and all other sums recoverable under the terms of the promissory note and mortgage are now due and owing. As of the date of this letter, there is currently due and owing to our client $209,119.90, which includes the unpaid principal balance, accrued interest through today, late charges, attorney's fees and costs and other default-related costs recoverable under the terms of the note and mortgage.
>
> Additional interest will accrue after the date of this letter.  Also, our client may make advances and incur fees and expenses after the date of this letter which are recoverable under the terms of the promissory note and mortgage.  Therefore, if you wish to receive figures to reinstate (bring your loan current) or pay off your loan through a specific date, please call our automated phone at 317/237-2090.

*Id.* Ex. A.

On or about February 12, 2008, Defendant commenced a mortgage foreclosure suit against Plaintiff in Lake Superior Court to collect the allege debt referred to in the dunning letter. *Id.* ¶ 9. Plaintiff attached Defendant's Lake Superior Court Complaint to his First Amended Complaint. *Id.* Ex. C.

In the instant cause, in Count II, Plaintiff contends that Defendant's dunning letter violates § 1692g. *Id.* ¶ 17.  Specifically, Plaintiff alleges that the dunning letter does not provide Plaintiff with an accurate statement as to the amount of the debt, including the components of the debt. *Id.* ¶¶ 17, 19.

Count IV reiterates the allegations contained in Count II and asks the Court to certify a class for the alleged violation. *Id.* ¶¶ 35-41.

Defendant filed this Motion to Dismiss Counts II and IV asserting that the dunning letter complies with § 1692g, as a matter of law.  Defendant argues that because Count II should be dismissed, Count IV should also be dismissed because it is solely a motion to certify a class based on the allegations in Count II.

## II. STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint, not to resolve the case on its merits. *See Triad Assoc., Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004).  Federal courts adhere to a notice pleading regime, and, as such, a plaintiff need not plead facts as long as the defendant has at least minimal notice of the claim or claims being asserted.  Fed.R.Civ.P. 8; *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them.  *See Baxter*, 26 F.3d at 730.  Generally, matters outside the pleadings cannot be considered on a motion to dismiss.  *See Corman Derailment Serv., LLC v. Int'l Union of Operating Eng'rs Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003).

"Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1995, 1969 (2007).   This standard means that if any set of facts, even hypothesized facts, could be proven

consistent with the complaint, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995). However, the Court need not ignore facts set out in the complaint that undermine Plaintiffs' claims, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996) (*citing Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept Plaintiffs' legal conclusions. *See Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

### III. DISCUSSION

The principle issue on this Motion to Dismiss is whether Plaintiff sufficiently alleged a violation of § 1692g(a)(1) in Counts II and IV of his First Amended Complaint. In Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss, he alleges violations of 15 U.S.C. § 1692e and § 1692f. There is no mention of either § 1692e or § 1692f in Plaintiff's First Amended Complaint. Plaintiff acknowledges that his First Amended Complaint does not allege violations of § 1692e or § 1692f, however he asserts that he could "always amend his Complaint to satisfy any concerns." Plaintiff is mistaken in this belief. Plaintiff has already amended his complaint once and Defendant has submitted its answer. At this point, Plaintiff may only amend his complaint again with the opposing party's consent or with the Court's leave when justice so requires. Fed. R. Civ. P. 15. No application for leave to amend has been filed. Therefore, the Plaintiff's alleged claims under § 1692e and § 1692f are not before the Court. Thus, the Court will only address the sufficiency of the alleged violations of § 1692g, as set forth in the First Amended Complaint.

Section 1692g(a)(1) provides:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -

(1) the amount of debt;

15 U.S.C. § 1692g (2006).

To satisfy § 1692g(a)(1), a dunning letter must include a statement of the total debt as of the date of the letter, including interest and other charges. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872, 875-76 (7th Cir. 2000). Itemization of the interest is not required. *See id*; *Whitaker v. Hudson & Keyse, L.L.C.*, No. 1:05-cv-01597-JDT-WTL, 2007 WL2265057, at *4 (S.D. Ind. Aug. 6, 2007) ("The *Miller* court made no mention of any interest-itemization requirements."). However, if "add-on expenses like attorney's fees or collection costs" are included, the debt collector must clearly communicate "how the total amount due was determined." *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565 (7th Cir. 2007).

In determining whether a dunning letter violates § 1692g, the Court examines the letter from the standpoint of an unsophisticated consumer. *Id.* at 564. "This assumes that the debtor is uniformed, naive, or trusting. However, an unsophisticated consumer possesses 'rudimentary knowledge about the financial world' and is capable of making basic logical deductions and inferences.'" *Id.* The Seventh Circuit has held that if the information in a dunning letter is communicated in a manner that is confusing to a consumer, § 1692g has been violated. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). Whether a dunning letter is

5

confusing is a question of fact. *Id* at 759. "[W]hen a complaint alleges that a dunning letter is confusing, and thus a violation of § 1692g, the plaintiff has stated a recognizable legal claim; no more is necessary to survive a Rule 12(b)(6) motion to dismiss." *Id.* at 758-59. Having reviewed the allegations in the First Amended Complaint, the Court concludes that Plaintiff has stated a plausible claim that Defendant violated § 1692g.

Plaintiff first contends that Defendant violated § 1692g because it failed to use the *Miller* safe harbor language in the dunning letter. Defendant admits that it did not use the safe harbor language. However, it argues that the dunning letter complies with § 1692g and *Miller* because it accurately stated the total amount of debt and included all information required by the safe harbor language. This, Defendant claims, is all that is required.

The *Miller* safe harbor language was intended to aid debt collectors in complying with the amount of debt requirement. *Miller*, 214 F.3d at 876. The safe harbor language is

> As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800- [phone number].

*Id.* "Any debt collector who uses this form will not violate the amount of debt provision, provided, of course that the information [it] furnishes is accurate and [it] does not obscure [the information] by adding confusing or other information (or misinformation)." *Id.* Thus, although failing to use the safe harbor language is not itself a violation of § 1692g, providing information in a manner that causes confusion is a violation, even if all required elements are otherwise present. *See id.* Therefore, the Court must look to whether Plaintiff's First Amended Complaint sufficiently alleges

6

confusion. As noted by *McMillan*, at the Rule 12(b)(6) stage all Plaintiff needs to allege is that the dunning letter is confusing to an unsophisticated consumer. *See McMillan*, 455 F.3d at 758-59.

Plaintiff argues that the amount due in the dunning letter is made confusing by a subsequent foreclosure law suit filed by Defendant to collect the alleged debt. He alleges that the dunning letter listed the amount of debt as $209,119.90, which included the principle balance, attorney's fees, interest, and late charges. However, the foreclosure complaint demanded an amount approximately $13,000.00 less than the amount in the dunning letter. Although the foreclosure pleading requests attorney's fees, it does not request late charges or indicate that late charges are included in the amount requested. Plaintiff alleges that the differing amounts due requested in the dunning letter and the foreclosure suit creates confusion as to both the amount due requested in the dunning letter and the accurate amount due. The Court agrees that the subsequent foreclosure lawsuit could make the dunning letter confusing to an unsophisticated consumer. The Court concludes that Plaintiff has alleged sufficient facts that the dunning letter is confusing in violation of § 1692g.

Plaintiff next argues that by deviating from the *Miller* safe harbor language and including attorney's fees in the amount of debt, the letter inaccurately states the amount of debt and causes confusion.[1] In *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 563 (7th Cir. 2007), the Seventh Circuit was faced with a similar issue. Like here, the *Fields* dunning letter included attorney's fees in the amount due. *Id.* The *Fields* plaintiff alleged that by including attorneys fees the defendant inaccurately stated the amount due in violation of § 1692g. *Fields* held that it is permissible to

---

[1] Plaintiff also claims that by failing to describe the specific amount of attorney's fees requested, the dunning letter violates § 1692e by using "a 'false, deceptive, or misleading representation' in the collection of debt." As the Court noted above, it will not address whether the dunning letter violates § 1692e because such violation is not alleged in the First Amended Complaint.

7

include attorney's fees in the dunning letter, if the underlying contractual relationship between the debtor and creditor provided for recovery of such fees. *Id. See also Singer v. Pierce & Assocs.*, 383 F.3d 596, 598 (7th Cir. 2004). However, if including "add-on" fees such as attorney's fees, the debt collector must clearly communicate to the debtor how the total amount due was determined. *See Fields*, 383 F.3d at 565. Plaintiff alleges that Defendant's dunning letter does not provide any information as to how attorney's fees were calculated. Further, the dunning letter does not qualify the attorney's fees requested as reasonable. Plaintiff's Mortgage Note states that Plaintiff is only responsible for "reasonable" attorney's fees. Thus, Plaintiff alleges that the inclusion of attorney's fees leads to confusion as to the amount due because it does not specify how the attorney's fees were determined or whether they are reasonable, under the standards of the Mortgage Note. The Court finds that these facts are sufficient to allege that an unsophisticated consumer may be confused by the dunning letter.

   Finally, Plaintiff claims that the dunning letter is confusing as to future accrued interest because Defendant failed to use the *Miller* safe harbor language. The *Miller* safe harbor language states "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." *Miller*, 214 F.2d at 876. This language suggests that *Miller* permits dunning letters to state that interest may continue to accrue after the date of the letter and that the letter need not clarify how the future interest will accrue. *See id.* Here, the dunning letter stated "additional interest will accrue after the date of this letter." Am. Compl. Ex. C. Plaintiff claims that this language causes confusion because it leads to the belief that interest will accrue on the entire amount, whereas the Mortgage Note specifies that interest will be charged only

on the unpaid principle. Further, Plaintiff claims that under Indiana law, he is only required to pay interest on the unpaid principle. *See* Ind. Code § 24-4.6-1-104.

Standing alone the statement that additional interest will continue to accrue may not appear confusing. However, Plaintiff sufficiently alleges facts demonstrating that the dunning letter is confusing as to what the amount due includes. Thus, he alleges that it is unclear in the dunning letter whether he will be charged interest on only the unpaid principle or also on attorney's fees, late charges, and other accrued interest. When viewed in conjunction with the confusion over the amount due, an unsophisticated consumer may be confused not only as to how the future interest will accrue, but also what amount it will continue to accrue upon. Therefore, the Court concludes that Plaintiff has alleged sufficient facts demonstrating that an unsophisticated consumer may be confused by the dunning letter. This is all that is required to survive a 12(b)(6) motion to dismiss. *See McMillan*, 455 F.3d at 758-59. The Court finds that Plaintiff has stated a plausible claim that the dunning letter is confusing in violation of § 1692g. Therefore, the Defendant's Motion to Dismiss Count II is **DENIED**.

Defendant also moves to dismiss Count IV, under which the Plaintiff requests the Court to certify a class based on the allegations in Count II. Defendant's Motion to Dismiss Count IV is solely based on its argument that the Plaintiff has failed state a claim under Count II. Because the Court concludes that the Plaintiff stated a plausible claim under Count II, the Court also **DENIES** the Defendant's Motion to Dismiss Count IV. The Plaintiff's motion to certify a class will be addressed in a separate order if necessary.

## IV. CONCLUSION

For the reasons stated herein, Defendant's, Feiwell & Hannoy, P.C., Motion to Dismiss is **DENIED**. Plaintiff's claim in Count II that Defendant violated 15 U.S.C. 1692g by failing to accurately state the amount of debt remains before the Court. Additionally, Plaintiff's motion in Count IV to certify a class action also remains before the Court.

IT IS SO ORDERED this 30th day of October, 2008.

```
                              _____
                              LARRY J. McKINNEY, JUDGE
                              United States District Court
                              Southern District of Indiana
```

Distributed to:

Robert E. Stochel
HOFFMAN & STOCHEL
res@reslaw.org

Glenn S. Vician
BOWMAN, HEINTZ, BOSCIA & VICIAN
bhbv2@netnitco.net

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com